IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                Plaintiff,

    v.                                                                OPINION & ORDER

GARY BOUGHTON and ALL DOC DEPT OF                18-cv-161-jdp
CORRECTIONAL IN WIS.,

                Defendants.

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. In this case, one of a series of lawsuits he has recently filed, he alleges that WSPF does not have a recycling program. Pabon Gonzalez has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Pabon Gonzalez's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Pabon Gonzalez's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). Even construing the complaint generously, I conclude that he fails to state a claim upon which relief may be granted under either federal or Wisconsin law, so I will dismiss the case.

Pabon Gonzalez alleges that there are many items that could be recycled at WSPF but that are not. He asks this court to order the DOC to begin a recycling program at WSPF and other facilities. But this is not the type of problem federal civil-rights lawsuits under 42 U.S.C. § 1983 are meant to solve: the lack of a recycling program does not deprive Pabon Gonzalez of

any constitutional right. Nor can I think of any other federal law that would allow Pabon Gonzalez to bring a claim.

And even if I considered Wisconsin law under the court's diversity jurisdiction (Pabon Gonzalez says that he is a citizen of Puerto Rico), I am not aware of any claim that he could bring. Pabon Gonzalez cites a host of Wisconsin statutes discussing DOC-building or prison-industry rules, but none of them can reasonably be read as providing for a private cause of action by a prisoner. So I conclude that Pabon Gonzalez fails to state a claim upon which relief may be granted. I will dismiss the case and assess him a "strike" under 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

Pabon Gonzalez has also filed a motion in which he contends that he is being denied access to this court, and he seeks an extension of his legal loan. But as I have stated in other recent cases that Pabon Gonzalez has brought, he has been able to file many documents in his several cases, so there is no reason to think that he has been restricted from accessing this court. In addition, his motion is moot because I am dismissing this case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Helson Pabon Gonzalez's failure to state a claim upon which relief may be granted.

2. Plaintiff is assessed a strike under 28 U.S.C. § 1915(g).

3. Plaintiff's motion regarding access to the courts, Dkt. 7, is DENIED.

4. The clerk of court is directed to close this case and enter judgment for defendants.

Entered August 27, 2018.

BY THE COURT:

_/s/_____
JAMES D. PETERSON
District Judge